UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMARCO L. MCFARLAND,

    Plaintiff,

  v.                                                     Case No. 20-cv-216-JPG

WAYNN KEYS,

    Defendant.

## **MEMORANDUM AND ORDER**

      This matter comes before the Court for case management purposes. In October 2019, plaintiff DeMarco L. McFarland filed a small claims complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 1-1). In that case, McFarland cites 42 U.S.C. § 1983 and other federal statutes and claims defendant Waynn Keys owes him $9,500 for property damage, personal injury, and theft of personal property. On February 25, 2020, McFarland removed the case to federal court (Doc. 1), asked for leave to proceed *in forma pauperis* (Doc. 2), and asked the Court for something (maybe to excuse his paying the filing fee) using lots of mumbo-jumbo, including language common to sovereign citizen movements (Doc. 4). This case suffers from two problems: (1) it does not state a claim over which this Court has original federal jurisdiction and (2) it cannot be removed by the plaintiff.

      A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908,

911 (7th Cir. 1993)).  The Court has reviewed McFarland's complaint and finds no discernable cause of action over which it has original federal jurisdiction.  Other than a passing reference to a federal statute without any factual allegations whatsoever suggesting an actual cause of action, there is no hint that this is a case over which the Court would have original jurisdiction.

Additionally, McFarland, as the plaintiff in the state court action, cannot remove a case. Under the plain language of 28 U.S.C. § 1441(a), only a defendant can.  *See Home Depot U.S A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748-49 (2019); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100, 107-08 (1941).

For these alternative reasons, the Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, and **DENIES** McFarland's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for miscellaneous relief (Doc. 4).

**IT IS SO ORDERED.**
**DATED:  June 17, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**